UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS VARNELL JACKSON, III,<br><br>Petitioner,<br><br>v.<br><br>EDWARD BORLA, Warden,<br><br>Respondent. | Case No. 1:24-cv-00786-CDB (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT LEAVE TO AMEND**<br><br>(Doc. 1)<br><br>**OBJECTIONS DUE WITHIN 21 DAYS**<br><br><u>Clerk of the Court to Assign District Judge</u> |

Petitioner Douglas Varnell Jackson III ("Petitioner"), a state prisoner, proceeds pro se and *in forma pauperis* with a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Because a preliminary screening of the petition reveals it fails to state a cognizable federal claim and that amendment would not be able to cure the deficiency, the undersigned recommends that the petition be dismissed.

**Background**

Petitioner is currently serving a term of 48 years plus life in prison with the possibility of parole following his 2008 jury convictions for attempted murder of a peace officer, attempted second degree robbery, felony evading with a firearm, second degree robbery, assault with a firearm, and felon in possession. (Doc. 1 at 1); *see People v. Jackson*, No. F057047, 2011 WL

5313833, at \*1 (Cal. Ct. App. Nov. 7, 2011). On appeal, the Fifth Appellate District Court of Appeal remanded for correction of an error in the abstract of judgment but otherwise affirmed the judgment. *Id*. In his petition, Petitioner asserts the California Supreme Court denied his request for review. (Doc. 1 at 2). Petitioner filed a federal habeas petition challenging his conviction in this Court, and the petition was denied on June 11, 2015. *See Jackson v. Valenzuela*, No. 1:13-cv-01296-LJO-MJS at Doc. 34.

On April 1, 2022, Petitioner filed a petition for resentencing pursuant to Penal Code § 1172.6 in the state superior court. *See People v. Jackson*, No. F085191, 2023 WL 4038131, at \*3 (Cal. Ct. App. June 16, 2023). The superior court denied the petition and the Fifth Appellate District affirmed the denial on June 16, 2023. *Id.* at \*3-5, 9.

Petitioner filed the instant federal petition on July 8, 2024, raising claims of (1) judicial misconduct; (2) ineffective assistance of counsel; (3) withholding evidence; and (4) eligibility for resentencing under Penal Code § 1170.95, now § 1172.6. (Doc. 1).

**Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases ("Habeas Rules") requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. Pro se habeas petitions are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss a petition "[i]f it plainly appears from the petition … that the petitioner is not entitled to relief." Habeas Rule 4. Habeas Rule 2(c) requires that a petition 1) specify all grounds for relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding."). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

///

**Discussion**

Based on the facts alleged in support of each of Petitioner's grounds, the instant petition challenges only the procedures and outcome of his petition for resentencing pursuant to Penal Code § 1172.6, not his underlying 2008 conviction. (*See* Doc. 1 at 4-12). However, federal habeas relief is only warranted when a state prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Thus, "federal habeas corpus relief does not lie for errors of state law." *Wilson v. Corcoran*, 562 U.S.1, 5 (2010) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). "Federal courts have routinely held that challenges to denials of section 1170.95 resentencing petitions pertain solely to the state court's interpretation and application of state sentencing law and therefore are not cognizable on federal habeas review." *Delci v. Arias*, No. 2:24-cv-07531-MRA-PD, 2024 WL 4875244, at *3 (C.D. Cal. Nov. 21, 2024) (citation modified) (collecting cases); *see, e.g., Banks v. Sherman*, No. 1:20-cv-01225-DAD-EPG (HC), 2021 WL 1754383, at *1 (E.D. Cal. May 4, 2021) (adopting recommendation to dismiss petition because alleged errors in application of section 1170.95 are not cognizable in federal habeas corpus). Because Petitioner asserts only challenges to state law, his petition fails to present a cognizable federal claim.

While generally petitioners are afforded an opportunity to file an amended petition to correct any deficiencies, Petitioner cannot correct this deficiency through amendment. When challenging a denial of resentencing pursuant to Penal Code § 1172.6, "[a] federal habeas petitioner may not transform a state-law issue into a federal one merely by labelling it a 'due process' claim or making a general appeal to constitutional guarantees." *Galaz v. California*, No. 2:24-cv-07517-DOC-KES, 2024 WL 4805430, at *5 (C.D. Cal. Oct. 11, 2024) (collecting cases, including *Gray v. Netherland*, 518 U.S. 152, 163 (1996)), *report & recommendation adopted*, 2024 WL 4803369 (C.D. Cal. Nov. 15, 2024). Thus, any challenge to the denial of resentencing is noncognizable on federal review.

Further, any attempt by Petitioner to amend the instant petition to bring claims challenging his underlying conviction rather than the denial of resentencing would result in an improper successive petition. Pursuant to 28 U.S.C. § 2244(b)(3), a petitioner must "move in the

3

1 appropriate court of appeals for an order authorizing the district court to consider [a second or
2 successive habeas] application." Because, as indicated above, Petitioner has already been denied
3 federal habeas relief with respect to the relevant convictions, he would be required to obtain
4 authorization from the Ninth Circuit to pursue a second or successive petition.

5 Because the petition fails to present a cognizable federal claim and this defect cannot be
6 cured through amendment, dismissal of the petition is warranted. *See Neiss v. Bludworth*, 114
7 F.4th 1038, 1045 (9th Cir. 2024) (Habeas Rule 4 "permits summary dismissal of claims that are
8 clearly not cognizable").

9 **Conclusion and Recommendation**

10 Accordingly, the Clerk of Court is DIRECTED to randomly assign a district judge.
11 Additionally, for the foregoing reasons, it is HEREBY RECOMMENDED that the
12 petition for writ of habeas corpus be dismissed.

13 These findings and recommendations will be submitted to the United States District Judge
14 assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of
15 Practice for the United States District Court, Eastern District of California. Within **21 days** of
16 service, any party may file written objections to these findings and recommendations with the
17 Court and serve a copy on all parties. Such a document should be captioned "Objections to
18 Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without
19 leave of Court and good cause shown. The Court will not consider exhibits attached to the
20 Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the
21 exhibit in the record by its CM/ECF document and page number, when possible, or otherwise
22 reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be
23 disregarded by the District Judge when reviewing the Findings and Recommendations under 28
24 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may waive the right to
25 ///
26 ///
27 ///
28

appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 6, 2025**

_____
UNITED STATES MAGISTRATE JUDGE