1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11    DOUGLAS VARNELL JACKSON, III,        )    Case No.: 1:24-cv-0786 JLT CDB
                                           )
12                     Petitioner,         )    ORDER ADOPTING IN FULL THE FINDINGS
                                           )    AND RECOMMENDATIONS, DISMISSING THE
13         v.                              )    PETITION, AND DIRECTING THE CLERK OF
                                           )    COURT TO CLOSE THE CASE
14    EDWARD BORLA,                        )
                                           )    (Doc. 7)
15                     Respondent.         )
                                           )
16   ————————————————————————

17         Douglas Jackson III is a state prisoner proceeding with a petition for writ of habeas corpus filed

18   28 U.S.C. § 2254.  (Doc. 1.)  The magistrate judge performed a preliminary review of the petition

19   pursuant to Rule 4 of the Rules Governing § 2254 Cases and found Petitioner fails to state a cognizable

20   federal claim, because he "challenges only the procedures and outcome of his petition for

21   resentencing…, not his underlying 2008 conviction."  (Doc. 7 at 2-3.)  The magistrate judge found that

22   leave to amend the petition would be futile, because Petitioner was previously denied habeas relief

23   related to his conviction, and amendment "would result in an improper successive petition."  (*Id.* at 3-

24   4.)  The magistrate judge recommended the Court dismiss the petition.  (*Id.* at 4.)

25         The Court served the Findings and Recommendations on Petitioner at the address on record and

26   notified him that any objections were due within 14 days.  (Doc. 7.) The Court advised him that the

27   "failure to file objections within the specified time may result in the waiver of rights on appeal."  (*Id.*,

28   citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  However, the Postal Service

                                              1

returned the Court's mail as undeliverable on August 22, 2025. Nevertheless, the Court's service is deemed fully effective pursuant to Local Rule 182(f).

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Moreover, Petitioner has failed to prosecute this matter.

Pursuant to Local Rule 183(b), Petitioner is required to keep the Court informed of her current mailing address.  In relevant part, the Local Rules provide:

> A party appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

*Id.*  Because more than 30 days have passed since the Postal Service returned the Court's mail on August 22, 2025, Petitioner failed to comply with Local Rule 183(b).  Thus, the Court may also "dismiss the action without prejudice for failure to prosecute."  *Id.*; *see also Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal proper for failure to prosecute and comply with local rules of court); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for failure to comply with local rules).

In finding dismissal is also appropriate for failure to prosecute, the Court considered the factors outlined by the Ninth Circuit including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423.  The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have an inherent interest in managing their dockets without being subject to noncompliant litigants). Because Petitioner failed to keep the Court informed of his current mailing address, the third factor also supports dismissal.  No lesser sanction is feasible given the Court's inability to communicate with Petitioner.

*Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address").

Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on August 7, 2025 (Doc. 7) are **ADOPTED** in full.

2. The petition is **DISMISSED** without leave to amend, for failure to state a cognizable federal habeas claim and failure to prosecute.

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **September 23, 2025**

UNITED STATES DISTRICT JUDGE