**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS VARNELL JACKSON, III, | ) Case No.: 1:24-cv-0786 JLT CDB |
| Petitioner, | ) ORDER ADOPTING IN FULL THE FINDINGS<br>) AND RECOMMENDATIONS, DISMISSING THE |
| v. | ) PETITION, AND DIRECTING THE CLERK OF<br>) COURT TO CLOSE THE CASE |
| EDWARD BORLA, | )<br>) (Doc. 7) |
| Respondent. | ) |

Douglas Jackson III is a state prisoner proceeding with a petition for writ of habeas corpus filed 28 U.S.C. § 2254. (Doc. 1.) The magistrate judge performed a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases and issued Findings and Recommendations, finding that Petitioner fails to state a cognizable federal claim, because he "challenges only the procedures and outcome of his petition for resentencing…, not his underlying 2008 conviction." (Doc. 7 at 2-3.) The magistrate judge therefore recommended that the Court dismiss the petition. (*Id.* at 4.)

After the Court granted Petitioner additional time to file objections (*see* Doc. 11), he did so on December 8, 2025. (Doc. 12.) His objections argue that his petition for resentencing under California Penal Code § 1172.6 is challenging his 2008 conviction because § 1172.6 allows him to seek to have his conviction vacated. (Doc. 12) Though the Court understands why Petitioner may be confused, his objection is without merit. Penal Code 1172.6 codified changes to state law and allowed state prisoners to seek to have convictions vacated if that state law change applies to them. As the Findings and

1

Recommendations explain, however, "[a] federal habeas petitioner may not transform a state-law issue into a federal one merely by labelling it a 'due process' claim or making a general appeal to constitutional guarantees." (Doc. 7 at 3 (quoting *Galaz v. California*, No. 2:24-cv-07517-DOC-KES, 2024 WL 4805430, at \*5 (C.D. Cal. Oct. 11, 2024)).)

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

Having found that Petitioner is not entitled to relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If the Court denies a habeas petition on procedural grounds, it may only issue a certificate of appealability if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000.) In the present case, the Court finds that reasonable jurists would not find the determination that the petition should be dismissed is debatable or wrong, or that Petitioner stated a valid claim of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

Thus, the Court **ORDERS**:

1.     The Findings and Recommendations issued on August 7, 2025 (Doc. 7) are **ADOPTED** in full.

2.     The petition is **DISMISSED** without leave to amend, for failure to state a cognizable federal habeas claim and failure to prosecute.

///

///

///

///

///

3.      The Court **DECLINES** to issue a certificate of appealability.

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   __**February 23, 2026**__

_____
UNITED STATES DISTRICT JUDGE

3